**Roxie JOYNER, Plaintiff,**

v.

**David TAFT, et al., Defendants.**

**No. 3:91CV00484.**

United States District Court,
D.  Connecticut.

Feb. 10, 1995.

John R. Williams, The Law Offices of John R. Williams, New Haven, CT, for plaintiff.

Martin S. Echter, Deputy Corp. Counsel, Karen A. Goodrow, Office Of Corporation Counsel, City of New Haven, New Haven, CT, for David Taft.

Scott M. Karsten, Sack, Spector & Barrett, West Hartford, CT, Karen A. Goodrow, Office of Corporation Counsel, City of New Haven, New Haven, CT, for George Wood, Michael May, William Brewer, Lawrence Curtis.

Scott M. Karsten, Sack, Spector & Barrett, West Hartford, CT, for Alonzo Lester.

### RULING ON MOTION FOR SUMMARY JUDGMENT

CHATIGNY, District Judge.

This is an action for damages against a number of police officers pursuant to 42 U.S.C. § 1983. The action arises out of an incident that occurred during defendants' execution of a search warrant at a New Haven residence occupied by plaintiff's father. Plaintiff, who was twelve years old at the time, arrived at the premises to visit her father while defendants were executing the warrant. She alleges that "[a]s she walked up the stairs to the residence, one of the defendants violently and for no reason pushed her backwards down the stairs causing her to fall down the stairs and suffer serious physical injuries" (Complaint, para. 8).

The case is now before the Court on defendant Taft's motion for summary judgment [doc. # 48]. Plaintiff does not claim that Taft is the officer who pushed her. Rather, she claims that he is liable for her injuries because he was in a position to prevent the other officer from violating her constitutional rights. See *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir.1985). Relying on *O'Neill v. Krzeminski*, 839 F.2d 9 (2d Cir. 1988), Taft argues that, even if plaintiff's allegations are true, he did not have a realistic opportunity to intercede on her behalf before the other officer pushed her down the stairs.

*O'Neill* involved a brutal beating of a handcuffed arrestee in the detention area of the New Haven police station. Two police officers shoved O'Neill, swore at him and then struck him three times in rapid succession on his face and head. 839 F.2d at 10. One of the officers who administered the beating then dragged O'Neill by the throat across the detention area, castigating him for "bleeding all over my floor." *Id.* A third officer named Connors observed all these events without interceding on behalf of O'Neill. *Id.* A jury found all three officers liable for using excessive force.

The Second Circuit reversed the jury's verdict and ordered a new trial on the excessive force claim against Connors. Assessing the claim against Connors separately with respect to the initial beating and subsequent dragging of O'Neill across the floor, the Court stated:

> Even when the evidence is viewed in the light most favorable to the plaintiff, there is insufficient evidence to permit a jury reasonably to conclude that Connors' failure to intercede was a proximate cause of the beating. The three blows were struck in such rapid succession that Connors had no realistic opportunity to prevent them. This was not an episode of sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator. With respect to the subsequent dragging of O'Neill across the floor, however, the case against Connors is adequate to create an issue of fact for the jury. Having seen the victim beaten, he was alerted to the need to protect O'Neill from further abuse.

*Id.* at 10–11.

In light of the Second Circuit's opinion in *O'Neill*, Taft is entitled to summary judgment. Just as no jury could reasonably find that Connors had a realistic opportunity to intercede before O'Neill was beaten, no jury could reasonably find that Taft had a realistic opportunity to intercede before plaintiff was pushed down the stairs. If anything, O'Neill's claim against Connors based on the beating was stronger than plaintiff's claim against Taft. Connors saw the other two officers shove O'Neill and swear at him be-

fore the three blows were administered to O'Neill's face and head. Here, in contrast, there was no such prelude to the other officer's use of force. The twelve year old plaintiff had just arrived at the scene when the other officer pushed her "for no reason" (Complaint, para. 8).

Accordingly, defendant Taft's motion for summary judgment is hereby granted and plaintiff's complaint against Taft is hereby dismissed.

So ordered.